

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2003

# Deily v. Waste Mgmt Allentown

Precedential or Non-Precedential: Non-Precedential

Docket 01-2956

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Deily v. Waste Mgmt Allentown" (2003). *2003 Decisions.* Paper 859.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/859

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2956
_____

KRIS DEILY,
                    Appellant

v.

WASTE MANAGEMENT OF ALLENTOWN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 00-cv-01100
(Honorable Lowell A. Reed, Jr.)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2002

Before: BECKER, Chief Judge, SCIRICA and McKEE, Circuit Judges

(Filed    January 24, 2003    )

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Kris Deily appeals the District Court's order granting summary judgment in favor of Waste Management of Allentown ("Waste Management"), and its preceding order denying Deily's request to file an amended complaint under the Family and Medical Leave Act, 29 U.S.C. § 1001 *et seq.* ("FMLA"). For the following reasons we will affirm the order of the District Court granting summary judgement on the appellant's claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and Pennsylvania law. We will also affirm the order of the District Court denying Deily leave to amend his FMLA claim.

## I.

Appellant Kris Deily worked as a truck driver for Waste Management from 1988 until he was administratively terminated on December 15, 1997.[1] Prior to termination, Deily had not reported to work since June 25, 1996. On November 7, 1996, Waste Management granted Deily's request for 12 weeks of unpaid leave under the FMLA. At that time Deily informed Waste Management that he was suffering from schizophrenia.

---

[1] "Administrative termination" means that Deily was not terminated for cause and could be considered for re-employment. Waste Management's medical leave of absence policy provides that an employee on medical leave of absence for more than 12 months will be administratively terminated. In addition, the FMLA form that Deily filled out and signed set forth, "I understand that if I do not return to work on the date indicated above ... my employment can be terminated." On December 15, 1997, pursuant to its medical leave of absence policy, Waste Management informed Deily that the effective date of his administrative termination was June 25, 1997.

2

Because of his schizophrenic condition, Deily remains incapable of returning to work for Waste Management or any other employer.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 305 (3d Cir. 1999). A motion for summary judgment is properly granted when the record reveals no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 409 (3d Cir. 1999). We must consider the record in a manner most favorable to Deily, and afford him the benefit of reasonable inferences. *Id*.

## II.

Under the ADA, Deily must establish that he is qualified to do his job, and if accommodation is required, he must also show that an effective accommodation is available that would enable him to do the job. *See Walton v. Mental Health Ass'n of Southeastern Pennsylvania*, 168 F.3d 661, 670 (3d Cir. 1999). Because there is no reasonable accommodation that would permit Deily to perform the essential functions of his job at Waste Management, i.e., return to work, he is not a qualified person with a disability as contemplated by the ADA. *See Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998) (stating that plaintiff under ADA must show he is "otherwise qualified to perform the essential functions of the job").[2] Therefore, Waste Management was not

---

[2]Deily cites the testimony of former supervisor, George Steckel, as direct evidence of discriminatory discharge and hostile work environment under the ADA. USX contends that Steckel's testimony is inadmissable hearsay evidence. Whether or not it is inadmissible

(continued...)

obliged to participate in the interactive process of accommodation required by the ADA. *See Shapiro v. Township of Lakewood*, 292 F.3d 356, 360 (3d Cir. 2002) (noting that employee alleging failure to engage in good-faith "interactive process" must show he is capable of performing essential functions of job with or without reasonable accommodation). The order of the District Court granting summary judgment for Waste Management on Deily's ADA claim will be affirmed.

To make out a prima facie case under § 510 of ERISA, 29 U.S.C. § 1140, Deily must show "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Hendricks v. Edgewater Steel Co.*, 898 F.2d 385, 389 (3d Cir. 1990) (quoting *Gavalik v. Continental Can Co.*, 812 F.2d 834, 852 (3d Cir. 1987)). Waste Management terminated Deily according to the express terms of its medical leave of absence policy and the FMLA document in which Deily acknowledged Waste Management's prerogative to fire him after one year of absence from work. Thus, Waste Management did not terminate Deily with the specific intent of interfering with the attainment of his pension benefits. *See Gavalik*, 812 F.2d at 852 (3d Cir. 1987) (plaintiff must establish specific intent of employer to interfere

---

[2](...continued)
hearsay, this evidence does not create a genuine issue of material fact because no reasonable jury could conclude that Deily is a qualified person with a disability under the ADA. *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986) (providing that summary judgment is appropriate if no reasonable jury could return a verdict for nonmoving party). Accordingly, Steckel's testimony does not "require submission to a jury." *Id*.

4

with attainment of pension benefits).  The order of the District Court granting Waste Management's motion for summary judgment on Deily's ERISA claim will be affirmed.

Under Pennsylvania law, an at-will employee may not be discharged in retaliation for filing a workers' compensation claim.  *See Shick v. Shirley Lumber*, 716 A.2d 1231, 1236-1237 (Pa. 1998).  Because the Pennsylvania Supreme Court has not yet set forth the elements of a prima facie case of retaliatory discharge, the District Court applied the analysis followed in claims of retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).  *Deily v. Waste Management of Allentown*, No. CIV. A. 00-1100, 2000 WL 33358062, at \*5-6 (E.D. Pa. 2000); *see also Landmesser v. United Air Lines, Inc.*, 102 F. Supp. 2d 273, 277-78 (E.D. Pa. 2000) (recognizing that the Pennsylvania Supreme Court has not defined elements of prima facie case of retaliation); *Alderfer v. Nibco Inc.*, No. CIV. A. 98-6654, 1999 WL 956375, at \*6 (E.D. Pa. 1999) (recognizing that Pennsylvania courts "have not set forth a model of proof" with which to evaluate *Shick* claims).

We review the District Court's prediction of state law under a plenary standard.  *See Compagnie des Bauxites de Guinee v. Ins. Co. of N. Am.*, 724 F.2d 369, 371 (3d Cir. 1990).  We may examine: (1) decisions of the Pennsylvania Supreme Court in related areas of the law; (2) the "decisional law" of Pennsylvania intermediate courts; (3) federal appeals and district court cases interpreting state law; and (4) decisions from other jurisdictions regarding the same issue of law.  *Wiley v. State Farm Fire & Cas. Co.*, 995 F.2d 457, 459-60 (3d Cir. 1993) (citation omitted).  Pennsylvania courts already apply the Title VII test to

claims of retaliation under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"). *See Dici v. Commw. of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996) (recognizing that under Pennsylvania law, PHRA is generally applied in accordance with Title VII); *Hoy v. Angelone*, 691 A.2d 476, 480 (Pa. Super. 1997), *aff'd* 720 A.2d 745 (Pa.1998) (providing that Pennsylvania courts may look to federal decisions interpreting Title VII when examining claims under PHRA). In addition, Title VII analysis has been followed by district courts that have reviewed *Shick* claims in the past. *See Landmesser*, 102 F. Supp. 2d at 277-78; *Sharkey v. Federal Exp. Corp.*, No. CIV. A. 98-CV-3351, 2000 WL 230330, at *6 (E.D. Pa. 1999) (applying the "comparable framework" of Title VII to plaintiff's retaliation claim under *Shick*). *See also Alderfer*, 1999 WL 956375, at *6 (stating that plaintiff "must at a minimum demonstrate that she engaged in *protected activity* under Workers' Compensation Act") (emphasis added). For these reasons, we endorse the District Court's application of the Title VII framework to Deily's retaliatory discharge claim under Pennsylvania law.

To establish a prima facie case of retaliatory discharge under Title VII, Deily must show that: "(1) the employee engaged in a protected activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000) (citations omitted). Deily claims that he was discharged in retaliation for a worker's compensation claim that he filed in 1994 because of a work related hernia. But

6

Deily worked for two years without incident until he suddenly stopped reporting to his job on June 25, 1996. Thus, we are unable to infer a causal link between Deily's 1994 workers' compensation claim and his administrative termination on December 15, 1997. The order dismissing Deily's claim of retaliatory discharge under Pennsylvania law will be affirmed.

Finally, Deily asserts that he should have been granted leave to amend his claim for retaliation under the FMLA pursuant to Federal Rule of Civil Procedure 15(a). We review the District Court's judgment for abuse of discretion. *See Walton*, 168 F.3d at 665. A district court may deny leave to amend a complaint when amendment would be futile. *Id*. In this case, it is not possible for Deily to fashion a successful FMLA claim from the facts in the record. According to his complaint, Deily took FMLA leave in June 1996 and did not contact Waste Management again for 18 months. The District Court noted that Deily "terminated himself by abusing his rights under FMLA . . . ." *Deily v. Waste Management of Allentown*, No. CIV. A. 00-1100, 2000 WL 1858717, at *2 (E.D. Pa. 2000). We agree and will affirm the District Court's order denying Deily's motion to amend his FMLA retaliation claim.

### III.

In conclusion, Deily is neither a qualified person with a disability under the ADA nor a victim of discriminatory discharge. Accordingly, the judgment of the District Court will be affirmed.

7

_____

TO THE CLERK:

        Please file the foregoing opinion.


                              _____

                                         Circuit Judge

DATED: